STATE OF IOWA v. MARION HEDGPATH, Appellant.

**Burglary:** IDENTIFICATION OF ACCUSED: EVIDENCE. To warrant a conviction for burglary the evidence of identity must be such as to connect the accused with the commission of the crime. Evidence of identity held insufficient to justify conviction.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACEY, Judge.

WEDNESDAY, APRIL 7, 1909.

THE defendant was convicted of breaking and entering a building with the intent to commit larceny, and appeals from a judgment ordering his confinement in the penitentiary.—*Reversed* and *remanded.*

*Fremont Benjamin* and *S. B. Wadsworth,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

SHERWIN, J.—At the close of all of the evidence the defendant moved that a verdict be directed in his favor because of insufficient evidence to warrant a conviction. This motion was overruled, and the case was submitted to a jury, with the result already stated. The only ques-

tion for our determination in the case is whether it should be said as a matter of law that the conviction is not sustained by sufficient evidence.

A building located at the northwest corner of Eleventh Avenue and Third Street in the city of Council Bluffs was broken and entered some time during the night. The safe therein was blown open and its contents scattered on the floor. The testimony showed that powder was used for blowing the safe open, and that various articles in the room were covered with powder smoke, which gave off an odor of burnt powder. A witness for the State testified that at some time between nine and ten o'clock on the night in question he saw two men near the scene of the burglary, but did not see the face of either one of them. He did, however, describe in a general way the clothing and hats worn by them, and testified that to the best of his judgment the defendant was one of the men he saw at that time. The night was dark, and there was no moon. There were street lights, however, which furnished some light at the point where he saw the two men. He was not nearer than forty or fifty feet, and testified that at all times their faces were turned from him. Another witness testified that at about midnight on the night in question the defendant and one Jackson, who was jointly indicted with him, appeared at the street railway car barn in Council Bluffs, Iowa, which barn was about two miles from the building entered, and asked for a drink of water, stating that they were going to Omaha. They were given the drink asked for, and were then told how far it was to the bridge, which they had to cross to reach Omaha. This witness also testified that he noticed their hands at the time they were taking a drink of water, and that they were black.

The defendant Jackson and one or two other men crossed the bridge together, and when they reached the Omaha side they were taken into custody by police officers

of the city of Omaha. One of the policemen who made the arrest, and two or three other witnesses who saw the defendant soon after he was arrested, testified that his hands were black, and that the substance on his hands looked like powder smoke, and one or two of the witnesses testified that the substance smelled like burnt powder. One of the policemen, however, who was present at the time and noticed the defendant's hands, testified that he discovered no odor emanating therefrom. An officer who visited the scene of the crime testified as to conditions there, and that soon after the arrest he examined the defendant's hands, found them black, and took one of the hands in his and carried it to his nose, and that the substance on the defendant's hands had the same smell that the burnt powder in the building had. On cross-examination, however, he testified that he could not say whether the odor present when he examined the defendant's hands came from his own hand or the defendant's.

We have given all of the testimony tending to connect the defendant with the commission of the crime charged, and we are well satisfied that it is insufficient, even if standing alone, to warrant a verdict of guilty. The attempted identification of the defendant as one of the men present near the scene of the crime is very unsatisfactory. It was a dark night, the witness was quite a distance from the men he saw, and he did not see the face of either one of them. While he testifies generally that one had on a light suit of clothes and the other a dark suit, he gave no description of the men as to size, etc. He did not see the face of either man, and was able to form the conclusion which he did only from a general appearance. The defendant offered evidence tending to show that he and Jackson had arrived in Omaha the morning of the day in question, and that they had later gone over to Council Bluffs, where they remained until they returned at the time when they were arrested, and that they had not been

near the scene of the crime. As we have already said, we think the evidence, taken as a whole, is entirely insufficient to connect the defendant with the burglary in question. On his cross-examination, in answer to a question propounded by the State, he admitted that he had been twice convicted of a felony in the State of Missouri, and we are constrained to believe that such admission had fully as much influence in determining the verdict as did the evidence produced by the State. The case must be reversed, and it will be remanded for such further proceedings as may be deemed advisable.—*Reversed.*